UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA,**

**vs.**

**(1) TREVEL BREWSTER and (2) TIMMY HUNT,**

**Defendants.**

**Case No. 20-CR-10119-DJC**

**GOVERNMENT'S MOTION TO RELEASE DEFENDANTS TO STATE CUSTODY FOR PURPOSES OF ALLOWING STATE BAIL REVOCATION PROCEEDINGS TO GO FORWARD AND FOR AN ORDER OF DETENTION PURSUANT TO UNITED STATES V. KING**

As the government has previously reported, *see* Dkt. 19, consistent with its obligations under 18 U.S.C. § 3142(d), the government has contacted the assigned Assistant District Attorneys and Probation Officers in Suffolk Superior Court and Middlesex Superior Court to notify them of Mr. Hunt's and Mr. Brewster's arrests, and the charges against them in this case.

Based on the fact that both defendants were on pre-trial release at the time they committed the offenses charged here, both Assistant District Attorneys indicated that they wish to proceed with bail revocation proceedings against both defendants. The Suffolk Superior Court has issued a warrant for Mr. Hunt's arrest, and the Middlesex Superior Court has issued a warrant for Mr. Brewster's arrest. *See* Dkt. 19, Exs. A and B. Because the defendants are currently in federal custody, the state courts have been unable to hold the planned revocation hearings. Specifically, Mr. Brewster had a revocation hearing scheduled for today, July 8, but the assigned Assistant District Attorney reports that the hearing was unable to proceed as planned because of complications arising from the defendant's being held in federal custody. The government anticipates the intended hearing for Mr. Hunt will encounter similar challenges.

The government is therefore requesting that this Court issue an order releasing Mr. Hunt and Mr. Brewster into state custody so that the state court bail revocation proceedings may proceed, directing the USMS to lodge a detainer with the appropriate state officials, and issuing a temporary detention order in accordance with United States v. King, 818 F.2d 112, 115, n.3 (1st Cir. 1987). The defendants can then be habed into this Court as needed for future proceedings, and a detention hearing can be held promptly upon their release from state custody (including if the states declined to revoke bail after the hearing). This is the procedure that this Court followed in *United States v. Quantae Elmore*, *see* 18-cr-10243-NMG, Dkt. 15 (order allowing motion to release to state custody), Dkt. 17 (Detention Order pursuant to *United States v. King*), and comports with the intent of 18 U.S.C. § 3142(d).

The undersigned Assistant U.S. Attorney reached out to defense counsel this afternoon, but did not receive their position on this motion prior to filings. The undersigned is aware that counsel for Mr. Hunt is out of the office this week, but anticipates he would oppose this motion, based on prior conversations.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Elianna J. Nuzum*
Elianna J. Nuzum
Assistant U.S. Attorney

Date: July 8, 2020

CERTIFICATE OF SERVICE

The government hereby certifies that the foregoing was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Elianna J. Nuzum*
Elianna J. Nuzum
Assistant U.S. Attorney